No. 16.—HARVEY SHANNON, plaintiff in error, *vs.* ROOSEVELT HYDE and CLARK, defendants in error.

[1.] Appearance of the defendant in *ca. sa.* at any time in the term, before the Juries have been discharged, is a performance of the condition of a *ca. sa.* bond.

*Ca. sa.* in Sumter Superior Court. Decision by Judge PERKINS, August Term, 1854.

Wm. B. Stevens being arrested under a *ca. sa.* gave bond, with security, for his appearance at the next term of the Court. When the case was called, Stevens failing to appear, judgment was entered upon the bond against him and Harvey Shannon, his surety. Three days before the close of the term, Shannon, the surety, produced the body of Stevens, and moved to set aside the judgment and have an "*exoneretur*" entered in dis-

charge of the surety.   The Court refused the motion, and this decision is assigned as error.

There being no appearance for the defendant in error, the cause proceeded *ex parte.*

HAWKINS, representing BROWN, for plaintiff.

*By the Court.*—BENNING, J. delivering the opinion.

In cases of this sort, the Statute requires the condition of the bond to be for the appearance of the defendant in *ca. sa.* at the term of the proper Court, to be held next after the arrest, "then and there to stand to and abide by such proceedings as may be had by the Court, in relation to his, her or their taking the benefit of" the Statute.

The bond, in this case, is in substantial compliance with this requisition.

The condition of the bond having to be for the appearance of the defendant, to abide by such "proceedings" as may be had by the Court, it is not performed unless the defendant appears time enough in the term to admit of "the proceedings" by which he is to abide, to be had.

And of these proceedings it may happen that an issue for a Jury, on a suggestion of fraud by the plaintiff in *ca. sa.* may make a part.

The condition of the bond, therefore, is not performed unless the defendant appears time enough in the term to admit of such an issue being formed, and if not continued, being tried by a Jury.   That is to say, the condition is not performed, unless the defendant appears before the Juries shall have been discharged.   (*Cobb's Dig.* 386.)

[1.] But on the other hand, if the appearance is at any time before the Juries are discharged, the condition is performed. And appearance, at such a time, makes every object of the Statute capable of being accomplished.   As long as the Court has

its Juries, it has what will enable it to transact all "the proceedings" of which the case is susceptible.

In this case, the surety having produced the body of his principal, the defendant in *ca. sa.* three days before the close of the term, produced him, it is to be presumed, before the Juries had been discharged. He therefore produced him in season.

The Court, therefore, should have granted the surety's motion, to have the judgment set aside and himself exonerated from the bond.

It is not meant to be said, that if the case is not called until after the Juries shall have been discharged, an appearance at the time when it is called, will not be sufficient.