Jones & Rochford vs. Garrett et al.

No. 50.—JONES & ROCHFORD, plaintiffs in error, vs. DANIEL A. GARRETT et al. defendants.

[1.] Appearance of the defendant in ca sa. at any time in the term before the Juries have been discharged, is the performance of the condition of the ca. sa. bond. *Shannon vs. Roosevelt, Hyde & Clark*, (17 *Ga. R.* 88,) re-af-firmed.

Motion, &c. on *ca. sa.* bond. Decided by Judge BULL. Muscogee. May Term, 1856.

Daniel A. Garrett having been arrested upon *ca. sa.* at the instance of plaintiffs in error, entered into bond for his appearance at the June Term, 1854, of Muscogee Superior Court, to take the benefit of the "Honest Debtor's Act," and gave John R. Jerry, F. G. Wilkins, John Sealey and William B. Brown, as his securities.

At the said June Term, 1854, the case was called up by plaintiff's Counsel, and an opportunity offered to defendant, Garrett, to take the benefit of the "Honest Debtor's Act;" that said defendant and his securities were, by order of the Court, then called, and failing to answer, the Court refused to allow judgment to be entered against the defendant and his securities on said bond, because said cause was not called in its regular order. At the December Term next thereafter, the case being called, and the defendant, Garrett, failing to appear, the said bond was forfeited and judgment entered up against the principal and his securities, to-wit: on the 13th day of January, 1855. After this last date, and before the adjournment of said December Term, Garrett's securities sent after him and had him brought back to Muscogee County, to be delivered up to the Sheriff; but whilst on his way back, said Garrett received an injury on the rail road, of which he died; the death took place before his delivery up to the Sheriff, after the forfeiture of the bond, and before the close of the December Term of said Court.

At the May Term, 1856, the securities moved a rule to set

aside said judgment; and upon these facts appearing, the Court allowed the rule, and ordered the judgment to be set aside, and plaintiffs excepted.

R. W. DENTON, for plaintiffs in error.

JOHNSON & SLOAN, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It is conceded, that this case comes fully within the rule laid down by this Court, in *Shannon vs. Roosevelt, Hyde & Clarke,* (17 *Ga. Rep.* 88.) And believing as we did in that case, that all of our laws should be liberally construed, in favor of liberty and securities, we are unwilling to change the decision there made, notwithstanding our adherence may, in the strong language of our *young* brother, defeat the public justice of the country.

It never was intended by the Legislature, that unfortunate debtors should be imprisoned, and insolvent debts collected out of securities by snap judgments. And better, far, that the Courts should be subjected to some inconvenience, than that such results should follow.

. In view of the provision of our State Constitution, that the person of a debtor, where there is not *a strong presumption of fraud,* shall not be detained in prison, after delivering *bona fide* all his estate, real and personal, for the use of his creditors, it is a matter of amazement that such stringency of interpretation should constantly be resorted to, in reference to our Statutes, for the relief of honest debtors. They seem to have been looked upon as neither more nor less than traps set to catch the unwary.